IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : No. 1:19-CR-00033 |
| | : |
| v. | : (Judge Brann) |
| | : |
| RONSHEEK J. BASKERVILLE | : (Electronically Filed) |

### RONSHEEK BASKERVILLE'S PRETRIAL MOTIONS TO DISMISS

AND NOW, comes the Defendant, Ronsheek Baskerville, by his attorney, Gerald A. Lord, Assistant Federal Public Defender, and respectfully presents the within pretrial motions. In support thereof, it is averred as follows:

1. On January 23, 2019, Ronsheek Baskerville was charged in a one-count Indictment with a violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). (DOC. 1).

2. On August 22, 2019, the Government filed a Superseding Indictment charging Baskerville with violations of the same criminal statutes. (DOC. 24).

3. This case is currently scheduled for jury selection and trial on January 6, 2020, and pretrial motions are due on or before December 2, 2019.[1]

---

[1] The federal courthouse and the undersigned's office were closed on December 2, 2019, due to weather conditions, so the motion and brief are being filed on December 3, 2019.

## MOTION TO DISMISS THE SUPERSEDING INDICTMENT

4. Count One of the Superseding Indictment states in pertinent part as follows:

> On or about January 27, 2018, in the Middle District of Pennsylvania, the defendant, Ronsheek J. Baskerville knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm and ammunition … that were manufactured outside of the Commonwealth of Pennsylvania, and therefore had been shipped and transported in interstate and foreign commerce.

5. Baskerville is specifically charged with a violation of 18 U.S.C. § 922(g)(1), which provides as follows:

> It shall be unlawful for any person—who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

6. The Superseding Indictment does not charge in conjunction with § 922(g), § 924(a)(2), which provides as follows:

> whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 924(a)(2).

7. Until recently, the United States was only required to allege and prove beyond a reasonable doubt, pursuant to 18 U.S.C. § 922(g)(1), that the accused knowingly possessed a firearm or ammunition; the United States was not required to allege and prove that the accused knowingly violated the other elements of the statute – namely, the accused knew he was convicted of a crime that is punishable by more than one year of imprisonment and the accused did knowingly possess a firearm or ammunition while also knowing the firearm or ammunition traveled in interstate commerce.

8. The current Third Circuit model jury instructions confirm the "knowingly" requirement applies only to the possession element of § 922(g):

> In order to find the defendant guilty of this offense you must find that the government proved each of the following three elements beyond a reasonable doubt: First: that (name) has been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year; Second: that after this conviction, (name) knowingly (possessed)(received) the firearm described in Count (No.) of the indictment; and Third: that (name)'s (possession)(receipt) was in or affecting interstate commerce.

*Third Circuit Model Criminal Jury Instructions*, 6.18.922G.

9.      Furthermore, under the Third Circuit instructions to be given as to Proof of Prior Conviction, it states, *inter alia*, "[i]t is not necessary that the Government prove that (name) knew that the crime was punishable by imprisonment for more than one year, nor is it necessary for (name) to have been sentenced to imprisonment for more than one year." *Third Circuit Model Criminal Jury Instructions*, 6.18.922G-2.

10.     Additionally, under 6.18.922G-5, "[i]t is also not necessary for the government to prove that (name) knew that the firearm had traveled in interstate commerce." *Third Circuit Model Criminal Jury Instructions*, 6.18.922G-5.

11.     On June 12, 2019, the Supreme Court broadened the burden of proof placed on the Government in a trial against a defendant charged with violating 18 U.S.C. § 922(g):  "[T]he Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

12.     The Supreme Court concluded that § 922(g) makes possession of a firearm or ammunition unlawful when the following elements are satisfied:  (1) a status element. . . ; (2) a possession element (to "possess"); (3) a jurisdictional

4

element ("in or affecting commerce"); and (4) a firearm element (a "firearm or ammunition"). *Id.* at 2195-96.

13.  Now, at the very least, the Government must allege and prove that the accused knew his respective status, which means, for purposes of this case, Baskerville knew he "ha(d) been convicted in any court of a crime punishable by imprisonment for a term exceeding one year…." 18 U.S.C. § 922(g)(1).

14.  The original Indictment in Baskerville's case, (DOC. 1), did not allege that Baskerville knew that he fell within the particular category of persons prohibited from possessing a firearm, *i.e.*, he had been convicted of a crime that is punishable by more than one year of imprisonment; as such the original Indictment was defective under *Rehaif*.

15.  The Superseding Indictment cured the defect as to the status element by alleging that Baskerville possessed a firearm and ammunition "knowing he had previously been convicted of a crime that is punishable by a term of imprisonment exceeding one year."  *See* (DOC. 24).

16.  Baskerville avers, however, the Government must allege and prove that Baskerville knowingly violated the jurisdictional element of 18 U.S.C §922(g) – namely, that he knew that the gun and ammunition traveled in interstate commerce.

5

17. The *Rehaif* Court did not address the interstate commerce issue, stating "[n]o one here claims that the word 'knowingly' modifies the statute's jurisdictional element." *Id.* at 2196. Nevertheless, the court did observe "jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct (and) … are not subject to the presumption in favor of scienter." *Id.*

18. Baskerville maintains the current Superseding Indictment is nonetheless defective under 18 U.S.C. § 924(a)(2) because he would not be open to prosecution if the firearm and ammunition did not move in interstate commerce or his possession did not affect interstate commerce. Accordingly, in the case of illegal possession of a firearm, the jurisdictional element is tied directly into the wrongdoing.

19. According to the Supreme Court, "[t]he term 'knowingly' in § 924(a)(2) modifies the verb "violates" and its direct object, which in this case is § 922(g)." *Rehaif*, 139 S. Ct. at 2195.

20. *Rehaif* established 18 U.S.C. §922(g) and 18 U.S.C. §924(a) must be read in tandem, and the Government's failure to reference § 924(a)(2) in the Superseding Indictment suggests the grand jury was not instructed to consider the *mens rea* requirements as to all of the elements of 18 U.S.C. §922(g)(1).

6

21. In fact the Superseding Indictment in this case does not allege that Baskerville knew the firearm and ammunition traveled in interstate commerce.

22. The Grand Jury was likely not asked to determine whether there was probable cause to conclude Baskerville knew the firearm and ammunition traveled in interstate commerce and, accordingly, there was "a defect in instituting the prosecution (which led to) … an error in the grand-jury proceeding … ." FED. R. CRIM. P. 12(b)(3)(A)(v).

23. In addition to the above, and based on the same reason, there was "a defect in the Superseding Indictment (because of) . . . failure to state an offense . . . ." FED. R. CRIM. P. 12(b)(3)(B)(v).

Wherefore, based on the foregoing, it is respectfully requested that this Honorable Court dismiss the defective Superseding Indictment filed against Ronsheek Baskerville.

**Motion to Dismiss Portion of Superseding Indictment Alleging Violation of 18 U.S.C. §924(e)(1)**

24. The previous paragraphs are incorporated herein as if fully set forth.

25. Baskerville is charged with a violation of the penalty provision of the Armed Career Criminal Act (ACCA), which is found at 18 U.S.C. §924(e). (DOC. 24)

26. The ACCA requires imposition of a mandatory minimum prison term of 15 years on anyone (1) who is convicted of a firearms offense under section 922(g); and (2) who has a record of three previous convictions of a violent felony, a serious drug offense, or both, committed on occasions different from one another. *See* 18 U.S.C. §924(e)(1).

27. Baskerville has no previous convictions of serious drug offenses under federal law, but he does have at least three felony controlled substances convictions recorded in the Dauphin County Court of Common Pleas.

28. To constitute predicate offenses for purposes of the ACCA, however, the previous convictions in the Dauphin County Court of Common Pleas must be for the "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance … for which a maximum term of imprisonment of 10 years or more is prescribed by law". 18 U.S.C. §924(e)(2)(A)(ii).

29. To the extent that Baskerville has prior convictions under Pennsylvania statute 35 P.S. § 780-113(a)(30), the Government has not provided any *Shepard* documents to specify the controlled substance or substances involved in the previous

8

convictions and the maximum sentences that could have been imposed for the prior convictions.[2]

30.     The Discovery documents provided by the Government include "rap sheets" from federal and state agencies, as well as a courtroom clerk's notes from the Dauphin County Court of Common Pleas.  None of these documents appear to identify the particular drugs Baskerville is alleged to have distributed or the maximum terms of imprisonment that could be imposed. Notably, all of the sentences actually imposed by common pleas judges in Baskerville's previous Pennsylvania controlled substances cases, with the exception of one, were for less than a maximum term of ten years. Furthermore, they still would not qualify as *Shepard* documents, even if they contained the requisite information.

31.     Additionally, the Superseding Indictment does not state the prior convictions that would subject Baskerville to the enhanced penalty of the ACCA.[3]

---

[2] In applying the modified categorical approach, following a prior conviction at trial, a court may consult the charging document and the jury instructions. Following a guilty plea, the court may consult "the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Shepard v. United States*, 544 U.S. 13, 16 (2005).

[3] Baskerville recognizes that at the present time prior convictions need not be charged in the indictment and proven to the jury under the authority of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v.*

9

32. In Pennsylvania a violation of 35 P.S. § 780-113(a)(30) carries different maximum penalties, depending on the drug a defendant possessed with intent to deliver or delivered: 35 P.S. § 780-113(f)(1) [fifteen years]; 35 P.S. § 780-113(f)(1.1) [ten years], 35 P.S. § 780-113(f)(2) [five years]; 35 P.S. § 780-113(f)(3) [three years ], 35 P.S. § 780-113(f)(4) [one year].

33. The Third Circuit has concluded that the type of drug is a distinct element of the crime in Pennsylvania. *United States v. Henderson*, 841 F.3d 623 (3d Cir. 2016).

34. If Baskerville was convicted of controlled substance offenses that carry a maximum sentence of less than ten years, the convictions do not qualify as ACCA predicates. *See* 18 U.S.C. § 924(e)(2)(A)(ii).

---

*Blair*, 734 F.3d 218, 227 (3d Cir. 2013); *United States v. Ordaz*, 398 F.3d 236 (3d Cir. 2005)(*Almendarz-Torres* still controls and does not require a jury to find a fact of a prior conviction). Nevertheless, Baskerville preserves a constitutional challenge to ACCA should the Supreme Court overrule *Almendarez-Torres* in light of its decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The reasoning of *Alleyne* calls into doubt the continuing vitality of the *Almendarez-Torres* exception to the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *See Alleyne*, 133 S. Ct. at 2160 n.1 (declining to revisit *Almendarez-Torres* "because the parties do not contest that decision's vitality").

35. The Government has not provided *Shepard* documentation that shows Baskerville was previously convicted of three predicate offense with respect to the ACCA penalty and, assuming the Grand Jury was not provided with any documentation or testimony that Baskerville's previous convictions involved potential sentences of of ten years or more of imprisonment under Pennsylvania law, the return of a Superseding Indictment with the §924(e)(1) penalty provision was erroneous and furthermore does not state an offense. FED. R. CRIM. P. 12(b)(3)(A)(v); FED. R. CRIM. P. 12(b)(3)(B)(v).

36. Because the Government has not presented documents that prove Baskerville has three qualifying offenses, he cannot be subject to the enhanced penalty set forth in the ACCA and the portion of the Superseding Indictment charging Baskerville with violation of 18 U.S.C. §924(e)(1) should be dismissed.

**Motion to Dismiss the Enhanced Penalty Portion of the Superseding Indictment Because Baskerville's Previous State Offenses were Prosecuted Under a Statute Consisting of Elements that Are Broader than the Elements Set Forth in 18 U.S.C. § 924(e)(2)(A)(ii)**

37. If Baskerville is found to have a criminal record that includes three or more serious drug offenses under Pennsylvania statute 35 P.S. § 780-113(a)(30), pursuant to the categorical approach, the language of Section (a)(30) is nevertheless broader than the language contained in 18 U.S.C. § 924(e)(2)(A)(ii),

which would therefore disqualify Baskerville's previous drug convictions as predicate offenses under 18 U.S.C. §924(e).

38. The applicable Pennsylvania controlled substances statute prohibits the following:

> the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

39. This particular Pennsylvania statute specifically prohibits three alternative means of delivery of a controlled substance: distributing, administering and dispensing a controlled substance. *See* 35 P.S. § 780-102 (delivery means "the actual, constructive, or attempted transfer . . . of a controlled substance" and dispensing means "to deliver a controlled substance . . . including the prescribing, administering, packaging, labeling, or compounding necessary to prepare such item for that delivery.").[4]

---

[4] In addition, to administer means "the direct application of a controlled substance . . . whether by injection, inhalation, ingestion, or any other means, to the body of a patient or research subject."  35 P.S. § 780-102.

12

40. Within the ACCA, "serious drug offense" does not include "dispensing" or "administering" of controlled substances:

> [T]he term "serious drug offense" means—(ii) an offense under State law, involving manufacturing, **distributing,** or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law; . . . .

18 U.S.C. § 924(e)(2)(A)(ii) (emphasis added).

41. Because Pennsylvania's controlled substances statute is broader than the federal statute, none of Baskerville's previous convictions under § 780-113(a)(30) qualify as predicates under the ACCA.

42. Pennsylvania's controlled substances statute is also broader than the federal statute because while under 35 P.S. §780-113(a)(30) a person can be convicted of delivery of either a controlled substance or a counterfeit controlled substance, under 21 U.S.C. §841(a)(1), as further limited by 18 U.S.C. §924(e)(2)(A)(ii), the convictions must be related to manufacturing or distributing a controlled substance.[5]

---

[5] A person has to be charged under a separate section, § 841(a)(2), to be subject to prosecution for distributing a counterfeit controlled substance: "[I]t shall be unlawful . . . to . . . distribute, or dispense, or possess with intent to distribute or dispense, a **counterfeit** substance." 21 U.S.C. § 841(a)(2) (emphasis added).

43. Furthermore, the penalties under 35 P.S. §780-113(f) are the same for controlled substances and counterfeit (controlled) substances, so criminal acts committed with counterfeit substances are not alternate elements, but instead are alternate means of violating 35 P.S. §780-113(a)(1).

44. WHEREFORE, based on the foregoing, it is respectfully requested that this Honorable Court dismiss the part of the Superseding Indictment that charges Baskerville with a violation of 18 U.S.C. §924(e)(1).

## MOTION TO DISMISS INDICTMENT BASED ON INACCURATE INFORMATION PROVIDED TO THE GRAND JURY THAT SUBSTANTIALLY INFLUENCED ITS DECISION TO INDICT RONSHEEK BASKERVILLE

45. On January 27, 2018, Officer Brant Maley, Penbrook Police Department, Harrisburg, Pennsylvania, arrested Ronsheek Baskerville at the back of a residence on Locust Street, Harrisburg, Pennsylvania.

46. At the time of his arrest Baskerville was searched, but no weapon and no ammunition was found on his person.

47. Officer Maley later conducted a search of the vehicle Baskerville had been driving and allegedly located a box labeled as containing bullets in the glove compartment.

48.     On January 27, 2019, Officer Maley prepared and filed a criminal complaint, with no affidavit of probable cause attached, and no photographs of bullets inside the box that Maley located in the glove compartment of the vehicle Baskerville was driving.

49.     The box Maley located in the glove compartment was referenced later as containing as 9 mm bullets and they were labeled as such before the box was placed into evidence at the Penbrook police station.

50.     Approximately three weeks later, on February 16, 2018, Officer Kevin Scott, Susquehanna Township Police Department, responded to a Locust Street address in Harrisburg, and he was shown a 38 Smith and Wesson revolver in the kitchen of that address by a resident of the home. The resident told Scott her brother, who at the time was not a resident of the home, located the revolver in the backyard; nonetheless, the brother was not present when Officer Scott arrived.

51.     Officer Scott examined the revolver and located four 38 caliber bullets that were loaded into the revolver.

52.     Although the person who found the revolver was not present when Officer Scott arrived, inexplicably, Scott was somehow able to take pictures of the exact location in the backyard where the revolver was found before it was taken to the kitchen of the residence.

15

53.     Officer Scott incident report states he did a records search and learned that 38 caliber bullets were found in Baskerville's vehicle on January 27, 2018. The only reports provided to the Defense are Scott's incident report from February 16, 2018 and Maley's report from January 27. Neither of these reports, by themselves, establish that as of February 16, 2018, 38 caliber bullets were found in Baskerville's car on January 27, 2018.

54.     After Officer Scott took possession of the 38 revolver on February 16, 2018, he reported that he took the weapon to Penbrook Police Department on February 22, 2018, after which a Lieutenant Stephen Mowery, Penbrook Police Department, removed a box of cartridges allegedly found in Baskerville's car "from evidence" and positioned them with the revolver and the bullets that were transported to the Penbrook police station by Officer Scott.

55.     According to one part of Officer Maley's report, on February 23, 2018, he changed his incident report to reflect that he had found 38 caliber bullets in Baskerville's vehicle on January 27, 2018.[6]

---

[6] To date the Defense has been provided with one police report that states Officer Maley changed his original report; no original report has been provided.

16

56. The report of February 23, 2018, could not have been the report used by Officer Scott on February 16, 2018, to confirm that there were 38 caliber bullets located in Baskerville's vehicle.

57. Baskerville avers Officer Scott, Lieutenant Mowery, and Officer Maley have not explained the discrepancies in the information provided in the conflicting police reports as to the bullets and revolver picked up by Officer Scott and the box that was seized from Baskerville's vehicle on January 27, 2018.

58. The inconsistencies in the police reports were not made known to the Grand Jury, which led to the decision to return a Superseding Indictment against Baskerville based on unreconciled and conflicting information.

Wherefore, based on the foregoing, it is respectfully requested that this Honorable Court dismiss the indictment that was returned against Ronsheek Baskerville.

Respectfully submitted,

Date: December 3, 2019

*/s/ Gerald A. Lord*
Gerald A. Lord, Esquire
Assistant Federal Public Defender
Attorney ID# PA49539
330 Pine Street, Suite 302
Williamsport, PA 17701
TEL: 570-323-9314
FAX: 570-323-9836
*gerald_lord@fd.org*
*Attorney for Ronsheek Baskerville*

17

## **CERTIFICATE OF SERVICE**

I, Gerald A. Lord, Assistant Federal Public Defender, do hereby certify that this document, the foregoing **Pretrial Motions to Dismiss,** filed electronically through the ECF system, will be sent to the registered Participants as identified on the Notice of Electronic Filing, including the following:

>George Rocktashel
>Assistant United States Attorney

and by placing the same in the United States mail, first class, postage prepaid, at Williamsport, Pennsylvania, addressed to the following:

>Ronsheek Baskerville


Date:  December 3, 2019           */s/ Gerald A. Lord*
                                  Gerald A. Lord, Esquire
                                  Assistant Federal Public Defender
                                  Attorney ID# PA49539
                                  330 Pine Street, Suite 302
                                  Williamsport, PA 17701
                                  TEL: 570-323-9314
                                  FAX: 570-323-9836
                                  *gerald_lord@fd.org*
                                  *Attorney for Ronsheek Baskerville*