# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 1:19-CR-00033 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| RONSHEEK BASKERVILLE | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is a criminal case in which Defendant Ronsheek Baskerville ("Baskerville") was charged in a one-count superseding indictment with felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Following a jury trial, Baskerville was found guilty of this count, and the jury answered a special interrogatory finding that Baskerville possessed the ammunition at issue, but not the firearm. Baskerville filed a post-trial motion seeking a judgment of acquittal on this count or, in the alternative, a new trial. (Docs. 156, 168.) For the reasons explained herein, Baskerville's motion will be denied.

## BACKGROUND

On January 23, 2019, Baskerville was charged in a one-count indictment with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) On August 22, 2019, a superseding indictment was filed, in which Baskerville was charged with the same offense, but with the elements modified to address the intervening Supreme Court decision in *Rehaif v. United*

*States*, 139 S. Ct. 2191 (2019) (holding that the Government must prove both that the defendant knew he possessed a firearm or ammunition and that he knew he had a predicate conviction).  (Doc. 24.)

Prior to trial, Baskerville filed several pretrial motions including:  a motion to dismiss, Doc. 39; a motion to suppress inculpatory statements, Doc. 41; a motion for disclosure of grand jury testimony, Doc. 93; and a motion to suppress evidence, Doc. 94.  All of Baskerville's pretrial motions were denied.  (Docs. 72, 85, 110, 126.)

The evidence at trial established that, on January 27, 2018, Pennbrook Police Officer Brant Maley attempted to initiate a traffic stop.  Baskerville fled in his vehicle.  After a brief high-speed pursuit, Baskerville stopped his vehicle on a residential street and fled his vehicle on foot.  He was quickly detained by law enforcement in a residential backyard at 3027 Locust Street in Pennbrook and taken into custody.  Immediately after Baskerville's arrest and while he was seated in the backseat of a police vehicle, law enforcement officers discovered a box of .38 caliber ammunition containing 25 rounds in the glove compartment of Baskerville's vehicle.  On February 16, 2018, law enforcement received a report from the owner of the property immediately adjacent to the backyard where Baskerville was seized that a loaded .38 caliber firearm was discovered on the

2

ground in the owner's backyard at 3025 Locust Street.  Baskerville had a prior felony conviction when this incident occurred.

The case against Baskerville was presented to a jury, and at the conclusion of a two-day trial, the jury found Baskerville guilty of the offense of felon in possession of a firearm or ammunition on March 15, 2022.  (Doc. 149.)  In response to a special interrogatory, the jury found that Baskerville possessed ammunition, but not a firearm.[1]  (*Id.*)

Following the verdict, counsel for Baskerville filed a motion to withdraw. (Doc. 153.)  While that motion was pending, Baskerville filed a motion to extend the deadline to file a post-trial motion as well as a post-trial motion and brief in support on his own behalf.  (Docs. 154, 156, 157.)  Following a hearing on April 12, 2022, the court granted defense counsel's motion to withdraw, as well as Baskerville's request to represent himself with standby counsel appointed.  (Doc. 159.)  The court also granted Baskerville's motion to extend the deadline to file a post-trial motion, and permitted Baskerville to file an amended post-trial motion or a supplement to the previously-filed post-trial motion by no later than June 13, 2022.  (*Id.*)  The court also schedule a presentence conference for August 25, 2022. (*Id.*)

---

[1] The special interrogatory asked the jury to answer whether they found that Baskerville possessed "a firearm" or "ammunition" without specifying a particular firearm or ammunition.

On June 1, 2022, new counsel entered their appearance on behalf of Baskerville and requested an extension of the deadline to amend or supplement the post-trial motion filed by Baskerville.  (Docs. 163, 164, 166.)  The court granted the motion to extend the deadline, and counsel then filed an amended post-trial motion and brief in support on June 20, 2022.  (Docs. 165, 167, 168.)  The Government filed a brief in opposition, and Baskerville's counsel filed a reply brief.  (Docs. 172, 173.)  Thus, Baskerville's post-trial motion is ripe for review.

## JURISDICTION

This court has jurisdiction under 18 U.S.C. § 3231, which gives district courts original jurisdiction over cases in which offenses against the laws of the United States are alleged.

## STANDARD OF REVIEW

In ruling on a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, the court must "review the record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the available evidence." *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (quoting *United States v. Wolfe*, 245 F.3d 257, 262 (3d Cir. 2001)).  The court is required to "draw all reasonable inferences in favor of the jury's verdict."  *Id.* at 476–477 (quoting *United States v. Anderskow*, 88 F.3d 245, 251 (3d Cir.1996)).  The court

must be careful to find that evidence is insufficient only when "the prosecution's failure is clear." *Id.* at 477 (quoting *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984)).  In addition, the court must not usurp the jury's role "by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005).

In ruling on a motion for new trial pursuant to Federal Rule of Criminal Procedure 33, the court must determine whether "the jury's verdict is contrary to the weight of the evidence." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002).  In conducting this analysis, the court "does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *Id.*  A new trial is warranted when a court concludes that the verdict is against the weight of the evidence and the court "believes that there is a serious danger that a miscarriage of justice has occurred–that is, that an innocent person has been convicted." *Id.*

In addition, if the court concludes that a violation has occurred under *Brady v. Maryland*, 373 U.S. 83 (1963), the court can order a new trial.  Pursuant to *Brady* and subsequent cases, the Government violates a defendant's Fifth Amendment right to due process if it suppresses "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at

87; *Giglio v. United States*, 405 U.S. 150, 154–55 (1972); *United States v. Bagley*, 473 U.S. 667, 676 (1985).  In order to establish a *Brady* violation sufficient to warrant a new trial, "a defendant must show that: (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment."  *United States v. Pellulo*, 399 F.3d 197, 209 (3d Cir. 2005) (quoting *United States v. Dixon*, 132 F.3d 192, 199 (5th Cir. 1997)).

### DISCUSSION

Baskerville stands convicted of one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  In order to sustain a conviction under this statue, the Government must prove beyond a reasonable doubt that: (1) the defendant was convicted of a "crime punishable by imprisonment for a term exceeding one year;" (2) the defendant, after being convicted, knowingly possessed a firearm or ammunition; (3) the defendant's possession of the firearm or ammunition was in or affecting interstate commerce; and (4) the defendant knew of his or her felon status at the time that he possessed the firearm or ammunition.  *See* 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(a)(2); *Rehaif*, 139 S. Ct. at 2195–96.  Baskerville's arguments focus exclusively on the possession element of this offense.

Baskerville first contends that the Government's evidence was insufficient for any rational juror to find that he possessed ammunition.  (Doc. 167, ¶ 14.)  In the alternative, Baskerville argues that the jury's verdict was against the weight of the evidence.  (*Id.* ¶¶ 20–21.)  Finally, Baskerville asserts that he is entitled to a new trial because the Government failed to produce evidence regarding the ammunition found in his vehicle that would have been favorable to his defense.  (*Id.* ¶ 26.)  The Government disagrees.  The court will address each issue in turn.

### A.   The Evidence Was Sufficient to Support the Verdict.

Baskerville asserts first that the jury's finding in the special interrogatory that he did not possess the .38 caliber firearm at issue in this case necessarily leads to the conclusion that the jury did not find that he possessed the .38 caliber cartridges found inside of that firearm.  (Doc. 168, p. 9.)[2]  Next, Baskerville argues that there was no evidence of actual possession of the ammunition in the glove compartment of the vehcilethat he was driving on the night of his arrest, and the evidence was not sufficient to support a finding that he constructively possessed that ammunition.  (*Id.* at 9–10.)

---

[2] For ease of reference, the court utilizes the page numbers in the CM/ECF header.

With respect to the .38 caliber ammunition inside the firearm, Baskerville's argument is a logical inference based on the jury's response to the special interrogatory.  (*Id.* at 9.)  The Government disagrees and contends  it presented "extensive evidence" at trial to establish that Baskerville possessed the ammunition in the firearm found in the backyard of 3025 Locust Street.  (Doc. 172, p. 10.)  Most of the evidence cited by the Government was also offered to prove that Baskerville possessed the firearm when he fled from his vehicle tand threw the firearm into the neighboring yard.  (*Id.*)  The jury clearly did not find that the Government proved that Baskerville possessed the firearm based on their response to the special interrogatory.  The only evidence cited by the Government that could independently support a conclusion that the jury relied on the ammunition inside the firearm for their finding of guilt was the testimony of Officer Maley that the ammunition found inside the firearm matched the ammunition found inside the glove compartment.  (*Id.*)  This argument assumes that the jury's finding that Baskerville possessed ammunition included *at least* the ammunition in the glove compartment.  And then, the Government suggests that there was sufficient evidence upon which to find that Baskerville also possessed the ammunition in the loaded firearm based on the similarity of the ammunition.

Turning to the .38 caliber ammunition found in the glove compartment, Baskerville maintains that there was *no* evidence of actual possession and

8

insufficient evidence to support a finding of constructive possession.  (Doc. 168,

pp. 8–10.)  Baskerville points to the fact that the ammunition was not concealed in

the same area of the vehicle as the marijuana, scales, or cell phones that law

enforcement recovered.  (*Id.* at 9.)  Baskerville also relies on the fact that the

vehicle was co-owned by his ex-wife, and thus he did not have sole access to or

control over the glove compartment.  (*Id.* at 10.)  Further, he  submits that the

glove compartment was outside of his immediate reach from the driver's seat.  (*Id.*)

Baskerville asserts that there was no evidence that he lied about his identity or tried

to reach for or hide the ammunition found in the glove compartment.  (*Id.*)  Finally,

Baskerville acknowledges that there was evidence that he fled from law

enforcement, but maintains that he fled from the vehicle for a "legitimate reason"

inasmuch as he was on federal supervision and possessed an illegal controlled

substance.  (*Id.*)  The Government counters that there was "ample evidence" to

support the jury's verdict.  (Doc. 172, p. 9.)

A violation of 18 U.S.C. § 922(g)(1) can arise from either the actual or

constructive possession of a firearm or ammunition.  *See Henderson v. United*

*States*, 575 U.S. 622, 626 (2015).  Baskerville is correct that there was no evidence

presented at trial that Baskerville had actual possession of the ammunition in the

glove compartment.  Rather, the Government presented evidence of constructive

possession.  In order to prove constructive possession, the Government must prove

beyond a reasonable doubt that a defendant had "both dominion and control" over the object in question, "and knowledge of that object's existence." *United States v. Walker*, 657 F.3d 160, 172 (3d Cir. 2011). Constructive possession cannot be proven by a defendant's proximity to the object alone; there must be other proof linking the defendant to the object. *See United States v. Foster*, 891 F.3d 93, 111 (3d Cir. 2018).

The evidence presented by the Government was sufficient to establish both "dominion and control" and knowledge of the presence of the ammunition in the glove compartment. The ammunition was retrieved from the glove compartment of the vehicle that Baskerville was driving until he came to a sudden stop and fled on foot. The presence of the ammunition in a different area of the car from the other illegal items, and the arguable difficulty of a driver accessing the glove compartment from the driver's seat, does not negate the fact that as the sole occupant of the vehicle, Baskerville clearly had the ability to exercise "dominion and control" over the ammunition in the glove compartment once the vehicle was stopped and he could reach into the glove compartment. Of course, this assumes that he knew the ammunition was in the glove compartment. On this point, Baskerville's own statement on the night of his arrest provided the proof. While he was seated in the police vehicle, Baskerville observed the ammunition sitting on the hood of the police vehicle after it was removed from his vehicle and

spontaneously called out to law enforcement to provide an explanation.  In pertinent part, Baskerville stated: "Hey sir, I know you all are looking for the gun. Like I told the sergeant, I gave it to my wife earlier.  It's her gun.  The bullets–I left them in the car, in the glove compartment.  The gun I took out earlier today." (Trial Exs. 20.4, 21.)  Although the statement alone is sufficient to prove Baskerville's knowledge of the presence of the ammunition, the jury was also permitted to infer consciousness of the illegal presence of ammunition in the vehicle based on his flight from the vehicle.

In sum, the court concludes that the evidence was sufficient to support the jury's finding that Baskerville possessed ammunition based on the box of .38 caliber ammunition found in the glove compartment.  Based on this conclusion, the court need not determine whether the evidence was sufficient to support the jury's finding based on the .38 caliber ammunition in the loaded firearm found in the backyard of 3025 Locust Street.  That is because the conviction can arise from the possession of ammunition found in either location—inside the discarded firearm or inside the glove compartment.  Because the evidence is sufficient to support the finding of guilt based on the ammunition in the glove compartment, Baskerville's motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 will be denied.

11

**B.      The Verdict Was Not Against the Weight of the Evidence.**

Baskerville argues that the statement he made to law enforcement after he was arrested and seated in the back of a police vehicle was not an admission to "knowing possession" of the ammunition in the glove compartment of his vehicle, but rather an explanation "that he knew ammunition was in the car at one point and he had forgotten to remove it before driving the car the night of his arrest." (Doc. 168, p. 11.) Baskerville argues next that there is an absence of other potential evidence, such as fingerprint evidence or evidence that Baskerville tried to conceal his identity or the ammunition. (*Id.* at 12.) Finally, Baskerville contends that the vehicle in which the ammunition was found was "indisputably co-owned with Ms. Baskerville, a non-credible witness." (*Id.* at 12–13.) The Government did not present a separate argument with respect to the weight of the evidence, but responded to both the sufficiency and weight arguments together. (Doc. 172, pp. 7–10.)

In resolving Baskerville's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33, the court must assess whether the verdict is against the weight of the evidence and whether the court "believes that there is a serious danger that a miscarriage of justice has occurred–that is, that an innocent person has been convicted." *Johnson*, 302 F.3d at 150. Having considered each of the arguments raised by Baskerville relating to the weight of the evidence, the court

concludes that there is no danger that a miscarriage of justice has occurred here. Objectively viewed, Baskerville's statement to law enforcement regarding the ammunition does constitute an admission to his knowing constructive possession of the ammunition in the glove compartment, regardless of his subjective motivation in making the statement.  While it is true that the Government could have presented additional evidence to prove Baskerville's guilt, his admission alone is sufficient.  And finally, notwithstanding the questions raised at trial regarding Ms. Baskerville's credibility, the weight of the evidence supported the finding of guilt.  Even if the jury discounted her testimony entirely, the evidence presented established that Baskerville knew that the ammunition was present in the glove compartment of the vehicle on the night he was arrested, and it was within his "dominion and control" before he fled from his vehicle. - Accordingly, Baskerville's motion for new trial pursuant to Federal Rule of Criminal Procedure 33 will be denied.

### C.      Baskerville Has Not Established a *Brady* Violation.

Lastly, Baskerville contends that the Government did not produce "chain-of-custody logs" regarding the ammunition found in the glove compartment.  (Doc. 168, p. 14.)  According to Baskerville, this evidence would have impeached Officer Maley's credibility or shown that there was no .38 caliber ammunition actually found in his vehicle, and thus would have been favorable to his defense.

(*Id.*)  The Government argues in response that Baskerville was provided with all documents and evidence in its possession regarding Officer Maley's error in his report regarding the type of ammunition seized from Baskerville's vehicle, which enabled defense counsel to vigorously cross examine Officer Maley regarding this error.  (Doc. 172, pp. 10–12.)

The court notes that Baskerville did not include any rebuttal to the Government's argument regarding the *Brady* issue in his reply brief.  That makes good sense because the Government's argument is correct.  Partly as a result of extensive pretrial litigation regarding Officer Maley's erroneous description of the ammunition in his report, Baskerville clearly possessed Officer Maley's initial report as well as his report explaining the error and the "Evidence Control Tag and Chain of Custody form" for the ammunition.  (Docs. 17, 39, 48-1, 107-4.)  With this evidence in Baskerville's possession, the defense was able to cross-examine Officer Maley about the error in his report at trial.  (Trial Tr. 179–183.) Accordingly, Baskerville has not validly identified any evidence that was suppressed.  As a result, Baskerville's motion for new trial based on an alleged *Brady* violation will be denied.

14

### CONCLUSION

For the foregoing reasons, Baskerville's motion for judgment of acquittal or new trial will be denied.  An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: September 20, 2022